IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE STONE-BACCHUS as Independent Administrator of the Estate of SHEIK BACCHUS deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| EVERTON BARNETT, O11 LOGISTICS, INC., O11 NETWORK, INC. | ) ) ) ) | **PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE** |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, NICOLE STONE-BACCHUS, as Independent Administrator of the Estate of SHEIK BACCHUS, deceased, by and through her Attorneys, WITHERITE LAW GROUP and WHITING LAW GROUP, LTD., and complaining of the Defendants, EVERTON BARNETT, O11 LOGISTICS, INC., and O11 NETWORK, INC., states as follows:

**JURISDICTION, VENUE AND FORUM ALLEGATIONS**

1. Plaintiff, NICOLE-STONE BACCHUS, as Independent Administrator of the Estate of SHEIK BACCHUS, deceased, is and at all relevant times to this matter, currently residing in the City of Norfolk, State of Virginia, and was appointed Independent Administrator of the Estate of SHEIK BACCHUS on March 8, 2022, in the Circuit Court of Norfolk Virginia.

2. Defendant, EVERTON BARNETT is and at all times relevant to this matter, a resident of Landover, Maryland.

3. At all relevant times, Defendant, O11 LOGISTICS, INC., is an Illinois corporation, having their principal place of business located at 1003 8th Ave. Apt. 5, LaGrange, Illinois 60525.

4. At all relevant times, Defendant O11 NETWORK, INC., is an Illinois corporation, having their principal place of business located at 805 Plainfield Rd. Ste. 214, Darien, Illinois 60561.

5. This action is properly before the Court due to the jurisdiction over the parties in that the Plaintiff and Defendants are diverse as citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

6. Venue is further proper in the Eastern Division of the Northern District of Illinois specifically as the judicial district in which Defendants O11 LOGISTICS, INC. and O11 NETWORK, INC. reside and where their registered agents are located.

## COUNT I
## GENERAL ALLEGATIONS

7. On or about July 20, 2020, at approximately 3:01 a.m., SHEIK BACCHUS, deceased, was operating a motor vehicle in a northbound direction, along and upon I-87 at approximately Milepost 38.3, County of Oran, State of New York.

8. At the aforesaid time and place, Defendants, O11 LOGISTICS, INC., and/or O11 NETWORK, INC., by and through their permissive user, Defendant, EVERTON BARNETT, illegally parked its truck and trailer along and upon I-87 at or near Milepost 38.3, County of Oran, State of New York.

9. At all relevant times, Defendant, O11 LOGISTICS, INC., was an interstate transportation company operating under the United States Department of Transportation "USDOT" number 3296137.

10. At all relevant times, Defendant, O11 NETWORK, INC., was an interstate transportation company operating under the United States Department of Transportation "USDOT" number 3355177.

11. At all relevant times, Defendant, EVERTON BARNETT, was working as a professional truck driver within the course and scope of his duties as a permissive user for Defendants, O11 LOGISTICS, INC., and/or O11 NETWORK, INC.

12. At all relevant times, Defendant, EVERTON BARNETT, operated the semi-tractor and trailer with the knowledge of Defendant Defendants, O11 LOGISTICS, INC., and/or O11 NETWORK, INC.

13. At all relevant times, Defendant, EVERTON BARNETT, operated the semi-tractor and trailer with the consent of Defendant Defendants, O11 LOGISTICS, INC., and/or O11 NETWORK, INC.

14. At all relevant times, Defendant O11 LOGISTICS, INC. was the registered owner of the 2015 International Prostar Tractor, VIN: 3HSDJAPR1FN705602, operated by Defendant, EVERTON BARNETT.

15. Upon information and belief, Defendant, O11 LOGISTICS, INC., was the registered owner of the 2021 Wabash International trailer, VIN: 1JJV532DXML237616, being pulled by the 2015 International Prostar Tractor, VIN: 3HSDJAPR1FN705602, operated by Defendant, EVERTON BARNETT.

16. At all relevant times, the 2015 INTL Truck Tractor, operated by Defendant, EVERTON BARNETT was under the control of the Defendants, O11 LOGISTICS, INC., and/or O11 NETWORK, INC.

## COUNT II
## NEGLIGENCE (WRONGFUL DEATH)
## NICOLE STONE-BACCHUS VS. EVERTON BARNETT

17. Plaintiff realleges and incorporates by reference paragraphs 1 through 16 above, as if fully set forth herein.

18. At the aforesaid time and place, the Defendant, EVERTON BARNETT, operated said commercial motor vehicle, as a permissive user of the Defendants, O11 LOGISTICS, INC., and/or O11 NETWORK, INC.

19. At all times pursuant hereto, it was the duty of the Defendant, EVERTON BARNETT, to operate his tractor and trailer with ordinary care for the safety of others and property of others thenand there upon said roadway including the Plaintiffs' decedent, SHEIK BACCHUS.

20. Notwithstanding the aforesaid duty as alleged in the preceding paragraph, the Defendant, EVERTON BARNETT, a permissive user of the Defendants, O11 LOGISTICS, INC., and/or O11 NETWORK, INC., then and there was careless and negligent in doing, or failing to do, one or more of the following acts:

a) Parked its truck and trailer along and upon I-87 in violation of the Federal Motor Carrier Safety Regulations ("FMCSRs");

b) Parked its truck and trailer along and upon 1-87 in violation of NY Veh & Traf L §1202;

c) Parked its truck and trailer along and upon 1-87 in violation of its own policies and procedures;

d) Failed to place required warning devices in front of and behind its truck parked on the shoulder of I-87 in violation of 49 CFR 392.22;

e) Failed to turn on its truck and trailer's lights when parked on the shoulder of I-87 in violation of 49 CFR 392.22;

f) Failed to park its truck and trailer in a safe place in violation of FMCSRs and State Law;

g) Created a hazardous condition by parking its truck and trailer on the shoulder of I-87; and/or

h) Otherwise carelessly and negligently parked its truck and trailer on the shoulder of I-87.

21. As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions, Plaintiff's decedent, SHEIK BACCHUS, struck the rear of the illegally parked truck and trailer.

22. As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of the Defendant, EVERTON BARNETT, a permissive user of the Defendants, O11 LOGISTICS, INC., and/or O11 NETWORK, INC., the Plaintiff's decedent, SHEIK BACCHUS, did suffer injuries which were personal, permanent and pecuniary in nature and subsequently died on scene.

23. Plaintiffs' decedent, SHEIK BACCHUS, left surviving him at the time of his death as next of kin the following: NICOLE STONE-BACCHUS (wife), SHEIK LYNDON ANTHONY BACCHUS (child), LAYLA RENEE BACCHUS (child), and TAYLOR LAVONNE STONE (step-child) all of whom have sustained grief, sorrow, mental anguish and pecuniary loss as the result of his death including loss of love, guidance, affection, companionship and society.

24. This action is brought pursuant to 740 ILCS 180/1 et. seq. (Wrongful Death Act).

WHEREFORE, Plaintiff, NICOLE STONE-BACCHUS, as Independent Administrator of the

Estate of SHIEK BACCHUS, deceased, prays for judgement against the Defendant EVERTON BARNETT, in a fair and reasonable amount in excess of the jurisdictional minimums as established by the Circuit Court of Cook County, State of Illinois, Law Division, plus costs of suit.

## COUNT III
### INSTITUTIONAL NEGLIGENCE (WRONGFUL DEATH)
### NICOLE STONE-BACCHUS VS. O11 LOGISTICS, INC.

25. Plaintiff realleges and incorporates by reference paragraphs 1 through 16 above, as if fully set forth herein.

26. At all times relevant herein, and upon information and belief, Defendant, O11 LOGISTICS, INC., did not have an adequate performance standard in place to ensure that it hired and retained qualified and competent truck drivers and that its commercial truck drivers performed their job duties in accordance with the Federal Motor Carrier Safety Administration (FMCSA) safety regulations.

27. At all times relevant herein, and upon information and belief, there were FMCSA safety regulations and industry standards in effect relating to driver qualification and retention of truck drivers, entrustment of equipment, and training, supervision and monitoring on parking on the shoulder, and safe driving procedures.

28. At all times relevant hereto, and upon information and belief, Defendant, O11 LOGISTICS, INC., did not adequately inform Defendant, EVERTON BARNETT, of FMCSA's safety regulations relating parking on the shoulder, and safe driving procedures.

29. At all times relevant herein, and upon information and belief, Defendant, O11 LOGISTICS, INC., did not have an adequate performance standard in place to ensure that the FMCSA's safety regulations were being followed and correctly implemented by its commercial truck drivers.

30. At all times relevant herein, Defendant, O11 LOGISTICS, INC., owed a duty of reasonable care to Plaintiff.

31. At all times relevant herein, Defendant, O11 LOGISTICS, INC., owed to Plaintiff the duty to train, educate and/or adequately inform its commercial truck drivers of the FMCSA's safety regulations, to ensure the safety of other motorists traveling on the roadway.

32. On or about July 20, 2020, and at all times relevant herein, Defendant, O11 LOGISTICS, INC., individually and by and through its permissive users, failed to exercise reasonable care by committing one or more of the following acts or omissions:

   a. Failed to implement adequate performance standards to ensure that its commercial truck drivers, including EVERTON BARNETT, performed their job duties in accordance with the FMCSA safety regulations; and/or

   b. Failed to periodically review the performance of its commercial truck drivers, including EVERTON BARNETT, to determine whether they were adequately following FMCSA safety regulations; and/or

   c. Failed to adequately train, monitor, and/or supervise Defendant, EVERTON BARNETT, on how to be a reasonably safe truck driver in accordance with FMCSA safety regulations, state laws, industry standards and 011 Logistics, Inc.'s, driver safety handbook; and/or

   d. Failed to adequately train, monitor, and/or supervise Defendant, EVERTON BARNETT of the FMCSA's safety regulations, state laws, and industry standards relating to parking on the shoulder and safe driving conditions.

33. As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of the Defendant, O11 LOGISTICS, INC., through its permissive users but not limited to, Defendant, EVERTON BARNETT, the Plaintiff's decedent, SHEIK BACCHUS, did suffer injuries which were personal, permanent and pecuniary in nature and subsequently died on scene.

34. Plaintiff's decedent, SHEIK BACCHUS, left surviving him at the time of his death as next of kin the following: NICOLE STONE-BACCHUS (wife), SHEIK LYNDON ANTHONY BACCHUS (child), LAYLA RENEE BACCHUS (child), and TAYLOR LAVONNE STONE (step-child) all of whom have sustained grief, sorrow, mental anguish and pecuniary loss as the result of his death including loss of love, guidance, affection, companionship and society.

35. This action is brought pursuant to 740 ILCS 180/1 et. seq. (Wrongful Death Act).

WHEREFORE, Plaintiff, NICOLE STONE-BACCHUS, as Independent Administrator of the Estate of SHIEK BACCHUS, deceased, prays for judgement against the Defendant, O11 NETWORK, INC., in a fair and reasonable amount in excess of the jurisdictional minimums as established by the Circuit Court of Cook County, State of Illinois, Law Division, plus costs of suit.

## COUNT IV
## INSTITUTIONAL NEGLIGENCE (WRONGFUL DEATH)
## NICOLE STONE-BACCHUS VS. O11 NETWORK, INC.

36. Plaintiff realleges and incorporates by reference paragraphs 1 through 16 above, as if fully set forth herein.

37. At all times relevant herein, and upon information and belief, Defendant, O11 NETWORK, INC., did not have an adequate performance standard in place to ensure that it hired and retained qualified and competent truck drivers and that its commercial truck drivers performed their job duties in accordance with the Federal Motor Carrier Safety Administration (FMCSA) safety regulations.

38. At all times relevant herein, and upon information and belief, there were FMCSA safety regulations and industry standards in effect relating to driver qualification and retention of truck drivers, entrustment of equipment, and training, supervision and monitoring on parking on the shoulder, and safe driving procedures.

39. At all times relevant hereto, and upon information and belief, Defendant O11 NETWORK, INC., did not adequately inform Defendant, EVERTON BARNETT, of FMCSA's safety regulations relating to parking on the shoulder and safe driving procedures.

40. At all times relevant herein, and upon information and belief, Defendant, O11 NETWORK, INC., did not have an adequate performance standard in place to ensure that the FMCSA's safety regulations were being followed and correctly implemented by its commercial truck drivers.

41. At all times relevant herein, Defendant, O11 NETWORK, INC., owed a duty of reasonable care to Plaintiff.

42. At all times relevant herein, Defendant, O11 NETWORK, INC., owed to Plaintiff the duty to train, educate and/or adequately inform its commercial truck drivers of the FMCSA's safety regulations, to ensure the safety of other motorists traveling on the roadway.

43. On or about July 20, 2020, and at all times relevant herein, Defendant O11 NETWORK, INC., individually and by and through its permissive users, failed to exercise reasonable care by committing one or more of the following acts or omissions:

    a. Failed to implement adequate performance standards to ensure that its commercial truck drivers, including EVERTON BARNETT, performed their job duties in accordance with the FMCSA safety regulations; and/or

    b. Failed to periodically review the performance of its commercial truck drivers, including EVERTON BARNETT, to determine whether they were adequately following FMCSA safety regulations; and/or

    c. Failed to adequately train, monitor, and/or supervise Defendant, EVERTON BARNETT, on how to be a reasonably safe truck driver in accordance with FMCSA safety regulations, state laws, industry standards and 011 Network, Inc.'s, driver safety handbook; and/or

    d. Failed to adequately train, monitor, and/or supervise Defendant, EVERTON BARNETT of the FMCSA's safety regulations, state laws, and industry standards relating to parking on the shoulder and safe driving conditions.

44. As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of the Defendant, O11 NETWORK, INC., through its permissive users but not limited to, Defendant, EVERTON BARNETT, the Plaintiff's decedent, SHEIK BACCHUS, did suffer injuries which were personal, permanent and pecuniary in nature and subsequently died on scene.

45. Plaintiff's decedent, SHEIK BACCHUS, left surviving him at the time of his death as next of kin the following: NICOLE STONE-BACCHUS (wife), SHEIK LYNDON ANTHONY BACCHUS (child), LAYLA RENEE BACCHUS (child), and TAYLOR LAVONNE STONE (step-child) all of whom have sustained grief, sorrow, mental anguish and pecuniary loss as the result of his death including loss of love, guidance, affection, companionship and society.

46. This action is brought pursuant to 740 ILCS 180/1 et. seq. (Wrongful Death Act).

WHEREFORE, Plaintiff, NICOLE STONE-BACCHUS, as Independent Administrator of the Estate of SHIEK BACCHUS, deceased, prays for judgement against the Defendant, O11 NETWORK, INC., in a fair and reasonable amount in excess of the jurisdictional minimums as established by the Circuit Court of Cook County, State of Illinois, Law Division, plus costs of suit.

8

| | |
|---|---|
| **WHITING LAW GROUP, LTD.**<br>Timothy M. Whiting<br>Jennifer M. Rice<br>Allison L. Hostetler<br>901 W. Jackson Blvd., Suite 400<br>Chicago, IL 60607<br>T: (312) 372-1655<br>F: (312) 279-1111<br>E: eservice@whitinglawgroup.com | /s/ Timothy Whiting<br>*One of the Attorneys for Plaintiffs* |

**WITHERITE LAW GROUP**
Martin Futrell
600 Peachtree St. NE, Suite 4010
Atlanta, GA 30308
T: (470) 881-8804
F: (470) 881-8820
E: Martin.Futrell@witheritelaw.com